Brassard, J.
The plaintiff, Edmund D. Lachance, is an inmate lawfully committed to the custody and control of the Massachusetts Department of Correction (“DOC”), currently held at the Souza-Baranowski Correctional Center (“Souza-Baranowski”) where he is serving a 17-to 25-year prison sentence. Prior to his transfer to the Souza-Baranowski, the plaintiff was confined at the Massachusetts Correctional Institution at Concord (“MCI-Concord”) as a pre-trial detainee and, subsequently, a convicted prisoner. While there, the plaintiff was prohibited from keeping a Walkman. He filed this action for mandamus and injunctive relief against MCI-Concord’s Superintendent, William Coalter, seeking a determination by this court that pre-trial detainees and transient inmates housed at MCI-Concord be allowed to retain Walkmans in accordance with the institution’s regulations. A videoconference hearing was held on January 28, 2003. For the reasons set forth below, judgment shall enter declaring the rights of the parties, as ordered at the conclusion of this decision.
DISCUSSION
1. Mootness
The defendant claims that the merits of this action should not be reached as the plaintiff has been transferred to the Souza-Baranowski where he is now entitled to retain a Walkman. Because he is no longer housed at MCI-Concord as a “pre-trial detainee” or “transient inmate,” the DOC argues his claim is moot.[1] However, the plaintiff is expected to return to MCI-Concord due to his transition to an out-of-state facility, making it probable that the same dispute will arise between the same parties. Blake v. Massachusetts Parole Bd., 369 Mass. 701, 707-08 (1976). Furthermore, the DOC admits that only inmates who are in the permanent workforce or in protective custody are allowed to keep walkmans.[2] Because pre-trial detainees and transient inmates are of such a transient nature, this court finds that the question of the property rights of these two categories of inmates is capable of repetition, yet evading review and therefore an exception to the principle of mootness. Karchmar v. Worcester, 364 Mass. 124, 136 (1973).[3]
2. Violation of DOC’s Regulations
The court recognizes that prison administrators are permitted considerable discretion in the adoption and implementation of prison policies. Royce v. Commissioner of Correction, 390 Mass. 425, 427 (1983) (citations omitted). “However, the limits of such discretion are established by the rules and regulations promulgated by the DOC. Once an agency has seen fit to promulgate regulations, it must comply with those regulations [as they have] the force of law.” Id. The DOC is subject to the first eight sections of the State Administrative Procedure Act, G.L.c. 30A, §1A and Section 7 provides that judicial review of any regulation may be had through an action for declaratory judgment.[4] Nelson v. Commissioner of Correction, 390 Mass. 379, 388 (1983).
Here, the regulation sought to be enforced sets forth the properly rights of inmates. 103 CMR403.00 et seq. The property item at issue here is a Walkman. The regulation clearly provides that possession of a walk-man is authorized by inmates classified as Level 1-6[5] and transient inmates.[6] (See attached Appendix A.) The DOC argues that the regulations only apply to inmates and the plaintiffs status was that of a pre-trial detainee and not an inmate. However, this argument fails for two reasons.
First, the applicability section of the regulations state that “103 CMR 403.00 is applicable to all inmates, whether sentenced or awaiting trial” 103 CMR 403.04 (emphasis added).[7] While this court accepts that classification as a “pre-trial detainee” versus “inmate” is an important distinction to the DOC, the regulations pertaining to property rights clearly consider both categories to be “inmates.” Further support for this interpretation can be found in G.L.c. 125, §1, entitled “Correctional Institution of the Commonwealth.” That section defines “inmate” with respect to “this chapter and elsewhere in the general laws, unless the context otherwise requires,” as “a committed offender or such other person as is placed in custody in a correctional facility in accordance with law.” (Emphasis added.) Therefore, the plaintiffs classification as a pre-trial detainee does not warrant a finding that the property regulations at issue do not apply to him.
Second, the plaintiff became a transient inmate after his conviction.[8] Therefore, he was clearly an “inmate,” yet he was still denied retention of a walk-man. Although the hearing focused on the distinction between “inmates” and “pre-trial detainees,” the DOC did not dispute the fact that transient inmates are denied retention of a walkman while housed at MCI-Concord. In filings made after the hearing, the DOC argued that because MCI-Concord is used for temporary housing of overflow pre-trial detainees as well as *758 the processing center for all newly convicted inmates awaiting classification, safety concerns warrant minimal property retention. Despite the difficult task that MCI-Concord has in maintaining security and ensuring the safety of all who work there, including the prisoners themselves, the solution cannot be found in violation of regulations that continue to have the force of law. Haverty v. Commissioner of Correction, 437 Mass. 737, 762 (2002); Royce, 390 Mass. 425, 427.
ORDER
For the reasons stated above defendant’s motion for summary judgment is DENIED, and plaintiffs motion for summary judgment is ALLOWED. It is ORDERED that declaratory judgment shall enter as follows: 103 CMR 403.10 authorizes both pre-trial detainees and transient inmates to retain Walkmans. Because the Court expects the DOC to comply with this ruling, injunctive relief is not necessary.

 “Pre-trial detainee" refers to a person who has not yet been convicted but is confined to a correctional institution while awaiting trial. G.L.c. 276, §42. “Transient” is defined as “any inmate whose security classification has yet to be determined or who has not been assigned to a permanent housing location.” 103 CMR 403.06.

The DOC states that the MCI-Concord inmates who are classified as “permanent workforce” or “protective custody” are permanently housed at MCI-Concord, whereas pre-trial detainees and transient inmates are housed at MCI-Concord only temporarily.

The defendant also seeks dismissal of the plaintiffs action due to his failure to exhaust administrative remedies by filing an inmate grievance as required by the Massachusetts Prison Reform Act, G.L.c. 127, §38F. However, the statute specifically excludes actions seeking equitable relief from its requirements, and therefore does not preclude the court from reaching the merits of the plaintiffs argument.

General Laws c. 231A, §2, as amended by St. 1974, c. 630, §1, provides that the declaratory judgment procedure may be used “to enjoin and to obtain a determination of the legality of the administrative practices and procedures of any .. . state agency or official which practices or procedures are alleged to be in violation of the Constitution of the United States or of the constitution or laws of the commonwealth, or are in violation of rides or regulations promulgated under the authority of such laws, which violation has been consistently repeated." (Emphasis added.) Here, there is no dispute that the DOC consistently refuses to allow pre-trial detainees or transient inmates to retain Walkmans.

Inmates are classified based on their “needs and requirements” in order to “assign/recommend them to housing units and programs according to their needs and existing resources.” 103 CMR 902.01.

Only the column for “Boot Camp” was left blank, prohibiting possession of Walkmans to that group. 103 CMR 403.10(4).

These regulations apply to all State correctional facilities and are issued pursuant to G.L.c. 124, §§ 1 (b), (c) and (q) and G.L.c. 127, §§3, 96A and 96B.

Supra n.1.